**SMITH, d. b. a. SMITTIE'S CORNERS, Appellants-Appellants, v. BOARD OF LIQUOR CONTROL, Appellees-Appellees.**

Ohio Appeals, Tenth District, Franklin County.

No. 6029.   Decided February 3, 1959.

Robert Dow Hamilton, Chester T. Freeman, Columbus, for appellants-appellants.

Mark McElroy, Atty. Genl., Columbus, for appellees-appellees.

## OPINION

By BRYANT, J.

August and Lenora Smith are holders of Classes D-1 and D-2 permits issued by the Ohio Department of Liquor Control authorizing them to sell beer, malt beverages, wine and mixed drinks.   They operate Smittie's Corners located in Venice, Erie County, Ohio.

Agents of the Department of Liquor Control charged them with selling intoxicating liquor to wit, a case of beer to a fifteen year old minor, Donald B. Wilbur.   The case was heard by the Board of Liquor Control upon evidence submitted by both sides and the Smiths were found guilty and their permits revoked.

The Smiths appealed to the Common Pleas Court of Franklin

County. That court held that the Board's order of revocation was supported by reliable, probative and substantial evidence and was in accordance with law and that the errors assigned were not well taken. The Smiths then appealed to this court and have entered into a stipulation reading as follows:

"It is hereby stipulated and agreed by and between counsel for the Appellant and Appellee herein that the transcript of the proceedings and testimony taken before the Board of Liquor Control, the original papers in the case and the docket entries shall be and constitute a sufficient bill of exceptions herein."

They have also filed a brief and assignment of errors at the back of which is a two page affidavit of one of the defense witnesses seeking to correct an alleged mistake in the stenographic transcript of his testimony.

The question pending before the court at this time arises under a motion to strike appellants' brief on behalf of the Board of Liquor Control which reads as follows:

"Now comes the appellee, Board of Liquor Control, and moves this Court for an order to strike the appellants' brief for the reason that they have attempted to insert evidence into the record by means of brief filed herein."

The Attorney General in support of his motion cites the case of **Tipton, Admx. v. Day, 106 Oh Ap 103,** decided by this court January 28, 1958. The second branch of the syllabus in this case held in effect that evidence may not be inserted into a record by means of a brief.

In opposition to this motion counsel for the Smiths relied upon §2321.14 R. C., which provides as follows:

"When justice requires it, upon notice to all parties, an omission in a bill of exceptions, occurring through accident or error, may be corrected by the reviewing court, or it may be remanded to the trial court for such correction."

Reliance also is placed upon the case of **Trumpler, Admr., et al. v. Royer et al, 18 Oh Ap 151,** in which the first branch of the syllabus reads as follows:

"Sec. 11572a GC, 103 O. L. 405, making provision for amendments to bills of exceptions, is a remedial statute which is to be liberally construed, and a bill of exceptions may be amended by striking therefrom an incorrect statement and substituting therefor a true and correct statement."

We are completely in agreement with the holding in that case particularly in light of the more recent holding by the Supreme Court of Ohio in **The State, ex rel. Piletich v. Kovachy et al, Judges, 166 Oh St 298,** decided on April 24, 1957. In a per curiam opinion the court at page 299 made the following statement:

"The statute is remedial in nature and must be liberally construed. The Court of Appeals was acting within the jurisdiction invested in it by that statute in remanding the bill of exceptions to the trial court. Whether error intervened in the exercise of that jurisdiction is not determinable in a proceeding in prohibition, the relatrix having an adequate remedy by way of appeal."

574

Counsel for the Smiths also filed a further affidavit of the reporter, who transcribed the testimony at the hearing before the Board of Liquor Control, supporting the earlier affidavit included in Appendix A of the brief and assignment of errors of the Smiths. Unfortunately it would appear that the Smiths had not brought themselves under the terms of §2321.14 R. C., which probably is best invoked by a direct application to the court in which a showing is made that justice requires the correction of an omission in a bill of exceptions, that the omission was the result of accident or error and that notice has been given to all interested parties. When this is before the court and the other parties have been served and have had an opportunity to express themselves with reference to the several issues involved, then and then only, may action be taken under that section. It would appear from the two affidavits which have been filed that a mistake has occurred. We do not believe that attaching an affidavit to the brief and assignment of errors is a way to reach that situation.

The motion will therefore be sustained and if there be no disagreement between the parties as to the facts, the proper application may be filed and a single entry prepared authorizing amendments at bar by interlineation.

PETREE, PJ, MILLER, J, concur.